F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
MAYRA SALINAS-MENJIVAR, ESQ.
Nevada Bar No. 14607
E-mail: msalinas@nevadafirm.com
HOLLEY DRIGGS
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702-791-0308
Fax:         702-791-1912

*Attorney for Defendant*
*Pepes Jr. Inc. d/b/a Pepe's Tacos*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PERLA VILLA, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PEPES JR. INC. d/b/a PEPE'S TACOS, a domestic corporation; DOES 1-10; and ROE CORPORATIONS 1-10, inclusive,<br><br>　　　　　Defendant. | CASE NO.:<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.§§ 1441(a) AND 1441(c)**<br><br>**(Removed from the Eighth Judicial District Court for Clark County, Nevada, Case No. A-16-747653-C)** |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Defendant PEPES JR. INC. d/b/a PEPE'S TACOS ("Defendant"), by and through its attorneys of record, the law firm of HOLLEY DRIGGS, hereby removes the action filed in the Eighth Judicial District Court for Clark County, Nevada state court case no. A-20-821568-C styled as *Perla Villa v. Pepes Jr. Inc. d/b/a Pepe's Tacos*, as follows:

1.   On September 21, 2020, Plaintiff PERLA VILLA ("Plaintiff") commenced the action in the Eighth Judicial District Court for Clark County, State of Nevada, entitled *Perla Villa v. Pepes Jr. Inc. d/b/a Pepe's Tacos*, case no. A-20-821568-C (the "State Action"), alleging two causes of action arising under "42 U.S.C. §2000e(k) *et seq.*/NRS 613 *et seq.*/NRS 613.330/NRS 613.4353/NRS 613.438 et. al." and "42 U.S.C. §12101 *et seq.*/ NRS 613 *et seq.*/ NRS 613.310."

- 1 -

1  Copies of the Summons and Complaint ("State Court Complaint") are attached and marked
2  respectively as **Exhibits A and B**, constituting all the pleadings filed to date.

3        2.    Summons in the State Action was issued on September 22, 2020, *see* **Exhibit A**,
4  which is less than thirty (30) days from the date of this Notice.  Accordingly, this Notice is timely.

5        3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331,
6  which is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because it
7  is a civil action arising under the Constitution, laws or treaties of the United States for which this
8  Court has original jurisdiction.

9        4.    In the State Action, Plaintiff invokes jurisdiction and venue under 42 U.S.C. §
10 12101 *et seq.* and 42 U.S.C. § 2000e, *et seq.* rendering herself amenable to the jurisdiction of this
11 Court.

12 The State Court Complaint contains two causes of action.  The first cause of action entitled
13 "Sex Discrimination/Violation of the Nevada Pregnant Workers' Fairness Act/Violation of the
14 Pregnancy Discrimination Act 42 U.S.C. §2000e(k) *et seq.*/NRS 613 *et seq.*/NRS 613.330/NRS
15 613.4353/NRS 613.438 et. al." specifically invokes a federal statute for her right of action.  *See*
16 **Exhibit B**, 6.  The State Court Complaint bases this claim on alleged violations of the Pregnancy
17 Discrimination Act, 42 U.S.C. § 2000e(k).  *See* **Exhibit B** at ¶ 69.

18 The second cause of action entitled "Disability Discrimination/Violation of the Americans
19 with Disabilities Act/Failure to Accommodate 42 U.S.C. §12101 *et seq.*/ NRS 613 *et seq.*/ NRS
20 613.310" specifically invokes a federal statute for her right of action.  *See* **Exhibit B**, 7.
21 Additionally, the State Court Complaint contains allegations that base this claim on alleged
22 violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*  *See* **Exhibit B** at ¶¶
23 81-83.

24 Given that the State Court Complaint invokes federal statutes and the two claims are
25 founded upon alleged violations of those federal statutes, the claims arise under a federal question
26 and are subject to the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331.
27 / / /
28 / / /

14323-01/2507147

5. Additionally, this Court has supplemental jurisdiction over Plaintiff's state-based claims pursuant to 28 U.S.C. § 1367(a), which are subject to removal under to 28 U.S.C. § 1441(c)(1).

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts…have original jurisdiction'…" *City of Chicago v. Int'l Coll. of Surgeons*, 118 S. Ct. 523, 525 (1997). To the extent Plaintiff brings her claims under the Nevada Revised Statutes, such claims do not "arise under" federal law, however, removal is still appropriate because those claims are transactionally related (i.e. "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claim arise from a "common nucleus of operative facts" such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. *See Stoyas v. Toshiba Corp.*, 896 F.3d 933, 938 (9th Cir. 2018), *cert. denied sub nom. Toshiba Corp. v. Auto. Indus. Pension Tr. Fund*, 139 S. Ct. 2766 (2019).

In this case, both causes of action alleged in the State Court Complaint, refer to both the Nevada Revised Statutes as well as the United States Code as the right of action for bringing such claims and both are supported by the same set of alleged facts, therefore, the state-based claims and federal-based claims arise from a "common nucleus of operative facts." Supplemental jurisdiction over Plaintiff's state-based claims is proper.

6. Venue is appropriate in the unofficial Southern Division of the Court pursuant to 28 U.S.C. § 1391(b)(2) and (c), 1441(b); and LR IA 1-6.

/ / /

/ / /

/ / /

7. Based on the foregoing, Defendant respectfully submits that this action presents a federal question over which this Court has original jurisdiction. This action is, therefore, properly removed to the United States District Court for the District of Nevada, the unofficial Southern Division of said Court.

DATED this 21st day of October, 2020.

**HOLLEY DRIGGS**

*/s/ F. Thomas Edwards*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
MAYRA SALINAS-MENJIVAR, ESQ.
Nevada Bar No. 14607
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Pepes Jr. Inc. d/b/a Pepe's Tacos*

14323-01/2507147

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of HOLLEY DRIGGS, and that on the 21st day of October, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.§§ 1441(a) AND 1441(c)** with the Clerk of the Court through Case Management/Electronic Filing System.

Christian Gabroy
Kaine Messer
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
P: (702) 259-7777
F: (702)259-7704
E: christian@gabroy.com
E: kmesser@gabroy.com
*Attorneys for Plaintiff Perla Villa*

                                      */s/ Sandy Sell*
                                      An employee of HOLLEY DRIGGS

14323-01/2507147